UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPINNAKER SPECIALTY INSURANCE COMPANY,

Plaintiff,

v.

RMC INVESTMENTS USA, LLC;, a Delaware limited liability company; and FAY SERVICING, LLC, an Illinois limited liability company;

Defendants.

Case No.: ____________________
The Honorable ____________________

# COMPLAINT FOR DECLARATORY JUDGMENT

PLAINTIFF, SPINNAKER SPECIALTY INSURANCE COMPANY, by its attorneys, Julie I. Fershtman (P 39282) of FOSTER SWIFT COLLINS & SMITH PC, for its Complaint for Declaratory Judgment against Defendant RMC INVESTMENTS USA, LLC, and FAY SERVICING, LLC, states as follows:

## Introduction and Nature of This Action

1. This is an action pursuant to 28 U.S.C § 2201, *et seq*., and Rule 57 of the Federal Rules of Civil Procedure to determine and resolve questions of actual controversy concerning the availability of insurance coverage, if any, under a policy of insurance issued by Spinnaker Specialty Insurance Company ("Spinnaker") to RMC Investments USA, LLC ("RMC").

2. This action involves an actual and justiciable controversy among the parties concerning their respective rights, duties, and obligations under the above-referenced policy of insurance issued by Spinnaker as a result of RMC's material misrepresentations in its application for insurance.

3. This action stems from a claim that RMC submitted for property insurance with respect to a property that RMC owned and Spinnaker insured, which was located in the City of Detroit, Wayne County, Michigan.

4. Spinnaker asks this Court to declare the rights and duties of the parties with respect to the above-described claim under the policy issued by Spinnaker, which claim and policy are more fully described below. More specifically, Spinnaker asks the Court to declare that Spinnaker is entitled to rescind the Policy retroactive to inception and that Spinnaker owes no duty to provide any insurance coverage for the claims by Defendant, RMC, involving damages arising from a fire that allegedly occurred on or about March 5, 2026, at the insured property in Detroit, Michigan.

**The Parties**

5. Plaintiff, Spinnaker is an Illinois corporation, with its administrative offices/principal place of business located at 701 East 5th Street, Austin, Texas 78701. Spinnaker conducts business in the State of Michigan and in Wayne County,

Michigan. Therefore, for diversity of citizenship purposes, Spinnaker is a citizen of the State of Illinois and conducts business in this District.

6. Upon information and belief, Defendant RMC is incorporated under the laws of Delaware and was created on or about March 16, 2022, with an office at 12221 College Park Dr., Suite 116, Dover, Delaware 19904. On or about October 22, 2024, RMC applied with the State of Michigan Department of Licensing and Regulatory Affairs for a Certificate to Transact Business in the State of Michigan for a specified business purpose of "Real Estate Investments." The claim at issue in this case involves a property that RMC owned and insured in Detroit, Michigan. RMC conducts business in this District.

7. Upon information and belief, Defendant Fay Servicing, LLC, is a mortgage service provider that services people and businesses in Michigan. It is incorporated in the State of Delaware with a business office located at 440 S. LaSalle St., 20th floor, Chicago, IL 60605. It is certified to transact business in Michigan and conducts business in this District.

**Jurisdiction and Venue**

8. This court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C § 2201, *et seq*., and Rule 57 of the Federal Rules of Civil Procedure.

9. An actual, justiciable controversy exists between the parties regarding the existence of and availability of insurance coverage under a Policy of property insurance issued by Spinnaker to RMC, with Fay Servicing, LLC, being designated by RMC as a loss payee.

10. This court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this lawsuit is between citizens of different states.

11. Venue is proper in the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. §1391(a) because the insured property that is the subject of the policy of property insurance at issue is situated in Wayne County, Michigan, with its location, more specifically, at 5366 Seneca St., Detroit, Michigan 48213.

**The Spinnaker Policy**

12. RMC was the owner of property in Detroit, Michigan, with a mailing address of 5366 Seneca St., Detroit, Michigan 48213, which included a home that was built on this property in or around 1910 ("the Detroit Home").

13. Spinnaker issued to RMC certain policies of insurance including a BUILDING AND PERSONAL PROPERTY COVERAGE FORM, Policy No. Q0333PR000001-00 and a BUILDERS RISK COVERAGE FORM, with effective dates that include March 5, 2026, which is the date of the loss at issue in this matter

(referred to in this Complaint as "the Spinnaker Policy"). The Detroit Home is an insured property under the Policy.

14. The Spinnaker Policy is attached as **Exhibit A** and is incorporated by reference as a written instrument exhibit pursuant to Federal Rule of Civil Procedure 10(c).

15. Spinnaker issued the Spinnaker Policy to RMC in reliance on an Application that was dated on or about December 16, 2025, signed by Clara I. Robinson on behalf of RMC. Within the Application, Ms. Robinson completed a Quotation Questionnaire, in which RMC sought certain property and liability insurance coverage for the Detroit Home ("the Application"). The Application for insurance applicable to the Detroit Home allegedly owned by RMC is attached as **Exhibit B**.

16. Included within the Application for the Detroit Home was this Question, which RMC answered in the following manner:

| | |
|---|---|
| Does the property have (either) Knob And Tube or Aluminum wiring? | No |

*See,* **Exhibit B.**

17. The above-referenced representation in the Application that RMC submitted was material to Spinnaker. For example, but not by way of limitation, knob and tube wiring generally lacks a ground wire, thereby creating an elevated

risk of electric shock or fire. Spinnaker relied on this and other representations by RMC in the Application in issuing the Spinnaker Policy for the Detroit Home.

18. The Spinnaker Policy, which was the BUILDING AND PERSONAL PROPERTY COVERAGE FORM, contains Commercial Property Conditions that void coverage in the event of concealment, misrepresentation or fraud. In this connection, it states:

> **A. CONCEALMENT, MISREPRESENTATION OR FRAUD**
> <u>This Coverage Part is void in any case of fraud by you</u> as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or <u>misrepresent a material fact concerning</u>:
> **1.** This Coverage Part;
> **2.** <u>The Covered Property</u>;
> **3.** Your interest in the Covered Property; or
> **4.** A claim under this Coverage Part.

*See*, **Exhibit A,** Commercial Property Conditions, p. 1 of 2 (emphasis added).

19. On or about March 5, 2026, which was approximately 2½ months after the Policy's inception date, a fire allegedly broke out at the Detroit Home.

20. RMC did not provide notice of the fire to Spinnaker until April 7, 2026, which was a month after the fire allegedly occurred. RMC made a claim in which it sought property insurance benefits under the Policy as a result of the fire ("the Claim").

21. Upon receiving notice of the Claim, Spinnaker, through its Managing General Agent, McLarens, retained investigators to investigate and inspect the Detroit Home.

22. During Spinnaker's investigation, it learned that, contrary to the above-referenced representation in RMC's Application, knob and tube wiring did exist throughout the Detroit Home.

23. Consequently, the representation in RMC's Application that the Detroit Home had no knob and tube wiring was false when made.

24. Had RMC disclosed in its Application the actual existence of knob and tube wiring in the Detroit Home, Spinnaker would not have issued the Policy.

25. As a result of RMC's material misrepresentation in the Application, the Policy should be declared void retroactive to its inception.

## COUNT I
## DECLARATORY JUDGMENT – RESCISSION

26. Plaintiff Spinnaker adopts by reference its allegations set forth in paragraphs 1 through 25 of the Complaint as if fully set forth here.

27. Spinnaker reasonably relied on the representations made by RMC in the Application in agreeing to bind coverage and issue the Spinnaker Policy.

28. The false and misleading representations and omissions made by RMC in the Application were material to the risk assumed by Spinnaker and materially increased the risk of loss in a matter of which Spinnaker was not and could not have

been aware. Had Spinnaker known the true facts, as known, misrepresented and/or otherwise concealed by RMC, it would not have issued the Spinnaker Policy or, in the alternative, it would not have provided coverage on the terms set forth in the Spinnaker Policy.

29. Spinnaker seeks a declaration from this Court that it is entitled to rescind the Spinnaker Policy retroactive to its inception and that Spinnaker owes no duty to provide any insurance coverage for the Claim submitted by Defendant RMC involving damages arising from a fire at the Detroit Home that allegedly occurred on or about March 5, 2026.

30. In addition, Spinnaker seeks a declaration from this Court that the Spinnaker Policy is void *ab initio*, is rescinded, and that Spinnaker has no obligations thereunder. Spinnaker is further entitled to a declaration that there is no coverage for the Claim under the Spinnaker Policy.

31. Subject to the Court's instruction, Spinnaker agrees to tender to RMC a refund of the premium that was paid for the Spinnaker Policy in order to restore the *status quo ante* existing between Spinnaker and RMC before the misrepresentations and omissions were made by RMC and before the Spinnaker Policy was issued.

32. Spinnaker also relies on all additional policy terms, definitions, exclusions, conditions and endorsements under the Spinnaker Policy that are not

specifically identified in this Complaint that limit or preclude coverage for the claim and/or the Detroit Home.

## RELIEF REQUESTED

WHEREFORE, as set forth in this Complaint, Plaintiff SPINNAKER SPECIALTY INSURANCE COMPANY respectfully requests that this Honorable Court enter a Declaratory Judgment that provides the following:

A. Spinnaker has no duty to provide coverage to RMC Investments USA, LLC, under the Spinnaker Policy for which FAY SERVICING, LLC, is a loss payee, with respect to the property at issue located at 5366 Seneca St., Detroit, Michigan 48213;

B. Spinnaker is entitled to rescind the Spinnaker Policy retroactive to its inception as to the above-referenced property at issue in Detroit, Michigan;

C. Because the Spinnaker Policy issued to RMC Investments USA, LLC, is rescinded and void *ab initio* for the property in Detroit, Michigan, Spinnaker has no coverage obligations under this Policy to RMC or to Fay Servicing, LLC, for the Claim submitted arising from the fire at the property at issue in Detroit, Michigan; and

D. Award Spinnaker its litigation costs and all such other and further relief as the Court may deem just and equitable under the circumstances.

Respectfully submitted,
FOSTER SWIFT COLLINS & SMITH PC

By: */s/Julie I. Fershtman*

Julie I. Fershtman (P 39282)
Attorneys for Plaintiff
28411 Northwestern Hwy., Suite 500
Southfield, MI 48034
248-785-4731
jfershtman@fosterswift.com

Dated: September 1, 2026

57787:00019:202951314-1